McKinney's Civil Rights Law 40-c

NY Const Art. 1 §3

Original

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RONALD ACKRIDGE,
                        Plaintiff

        -Against-

ARAMARK CORRECTIONAL FOOD SERVICES, of and
for WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS; CAPTAIN ROBERTS, of and for
WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS; WESTCHESTER COUNTY DEPARTMENT
OF CORRECTION of and for THE COUNTY OF
WESTCHESTER,

                        Defendants

VERIFIED COMPLAINT
AND DEMAND FOR
JURY TRIAL

____CV-____(   )

**16 CV 6301**

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States harassment, intentional infliction of emotional and mental stress deliberate and inrentionally denying claimant of his religious (Kosher) dietary meals, negligence in hiring and contracting incompetent, unqualified food services company by reasons of the wanton and unlawful acts of the defendants

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C.A. §1983. Juridiction founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES-

3. Plaintiff is a resident of Westchestchester County, State of New York.

4. At all relevant times the defendants, Aramark Correctional Food Services of and for Westchester County Department of Corrections; Captain ROberts of and for Westchester County Depsrtment of Correction, and Westchester County Department of Corrections of and for County of Westchester were acting within the scope and authority of their employment. They are sued individually and in their official capacity as Westchester County employees.

5. At all times, the defendant County (hereafter "County") owned and maintained the Westchester County Department of Corrections (hereafter "DOCS") and hired/contracted and employed defendant Aramark food services (hereafter "Aramark")

6. That upon information and belief DOCS and COUNTY was responsibible for hiring/contractinf ARAMARK

7. That at all times herein the COUNTY and DOCS was negligent in hiring/contracting, supervisingdisciple, retention of the agents, servant and/or employees of DOCS.

8. At all times mentioned herein the COUNTY and DOCS knew or should have known of the discrimatory nature, bad judgment/habits and unlawful propensities of ARAMARK in the violation of claimant's federal, state and Title 9 NYCRR 7009.4 and 7024.6

## FACTS

9. On February 4, 2016, at Westchester County Department of Correction, in Valhalla, N.Y., Plaintiff, a detainee at said facility at about 8:27 p.m. registered his religion as Jewish, and filed out a a request for religious (Kosher) dietary meals; ARAMARK an contractor of food services for COUNTY and DOCS acting under the "Color of Law" and within the scope of their contract as employees of the COUNTY and DOCS, unlawfully refused to give plaintiff his religious (Kosher) dieatary meals. (See: Annexed Exhibit "A").

10. Plaintiff states that ARAMARK and DOCS systemically and unlawfully practices anti-Semitics against Jewish detainees to receive their religious (Kosher) dietary meals upon entry into DOCS. Inasmuch, case in point, when Catholics, Protestants and MUSLIM ENTER DOCS they are immediately given their [so-called] religious dietary meals. Their is no legitimate reason why Jewish detainees are not given their religious (Kosher) dietary meals upon entry into DOCS: Except for defendants, ARAMARK and DOCS wanton disregard for Plaintiff's, and other Jewish detainess, First, Fifth, Eighth & Fourteenth Amendments rights: Also see 9NYCRR 7009.4 and 7024.6. (See: Annexed Exhibit "A")

11. From the period of Plaintiff's entry on 2/4/14, dinner to dinner on 2/23/16 defendant ARAMARK and DOCS with deliberate

indifferences of Plaintiff's religious (Kosher) dietary rights; Did knowingly with blatant disregard, for 18 daYS, DENY Plaintiff his religious (Kosher) dietary meals; violation of ~~Fisst~~ First, Fifth, Eighth and Fourteenth U.S.C.A. and 9 NYCRR 7009.4 & 7024.6

12. Defendants DOCS and COUNTY was aware of previous grievances and complaints against defendant ARAMARK that they were wrongfully, unlawfully and systemically denying Jewish detainees their religious (Kosher) dietary meals upon entery, from anywhere from 3 to 6 weeks, without giving Plaintiff and other Jewish detainees their religious (Kosher) dietary meals. DOCS and COUNTY failure to take such steps to prevent ARAMARK from denying Jewish detainees their religious )Kosher) dietary meals, mounted to deliberate indifferences of the rights of Jewish detainees in their custody.

13. DOCS and COUNTY and ARAMARK have knowingly with wanton disregard pursued a policy and custom of deliberate indifferences of the rights of Jewish detainees in its domain and custody, including plaintiff, in its procedures for supervising and assuring that Jewish detainees are given their religious (Kosher) dietary meals immediately upon entry into DOCS: But took no steps to prevent ARAMARK from indiscriminately, wrongfully and unlawfully denying Jewish detainees their religious (Kosher) dietary meals unpon entry into DOCS.

14. Defendants DOCS and COUNTY, among other deficiencies, failed to institute a bona fide procedure and policy in which defendants investigated ARAMARK wrongful and unlawfu denying Jewish detainees their religious (Kosher) dietary meals.

## CONDITIONS PRECEDENT

15. On or about March 2, 2016, a Notice of Claim was served upon the defendants, setting forth:

(a) The name and post office address of the Claimant;

(b) The natur of the claim;

(c) The time when, the place where, and the manner in which the claim arose;

(d) The items of damages and injuries sustained so far as practicable.

(e) Plaintiff filed grievance; On 2/29/16 Captain Roberts of DOCS denied the greivance and stated that the "greivance cannot be appealled. Therefore, this greivence matter is completed" (See: Exhibit "E" annexed hereto). Therefore Plaintiff has exhausted all of his administrative remedies.

16. The Notice of Claim was served upon the defendants within 90 days after Plaintiff's several causes of action accrued.

17. More than 30 days has lapsed since the Notice of Claim was served upon the County of Westchester.

18. Westchester County and its Attorney (Hon. Robert Meehan) has failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

19. On June 15, 2016 Plaintiff submitted to a 50-h General Municipal hearing. The transcripts has been provided to Plaintiff; and Plaintiff has returned the transcripts to defendants attorneys Hon. Robert Meehan.

20. This action has been commenced within one year and 90 days after Plaintiff's various causes of action have accrued.

21. Plaintiff has duly complied with all the conditions precedent to the commencement of this causes of actions.

### FIRST CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION

22. Plaintiff reiterates and alleges the facts stated in the above paragraphs.

23. As a result of their actions, defendants under the "Color of LAW" deprived Plaintiff of his rights to practice and appreciate his religious rights guaranteed by the First, Fifth, Eighth and Fourteenth U.S.C.A. and 42 U.S.C. §1983. NY Const Art. 1 §3

24. The defendants subjected plaintiff to these deprivations by knowingly, intentionally with deliberate indiffences without just cause denied plaint his rights to practice his religion and religious (Kosher) dietary meals.

4 of 6

## SECOND CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS

25. Plaintiff reiterates and alleges the facts stated in the above paragraphs.

26. Defendants COUNTY and DOCS, acts as a Municipal policy-makers, in the hiring, contracting, trainign and supervision of the defendant ARAMARK; and have pursued a policy and custom of deliberate indiffences to the religious rights and practices of Jewish detainees, including plaintiff, in thier car and custody; Thus knowingly violating Plaintiff's rights to observe and practice his religion with prejudices and anti-semantics [semtics] without due process of law in violation of the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and 9 NYCRR 7009.4 and 7024.6 and 42 U.S.C. § 1983.

27. As a direct and proximate result of the abovementioned acts and policies and customs of deliberate indifferences to the religious rights of the plaintiff, and other Jewish detainees, defendants committed the unlawful acts referred to above, and thus, defendants DOCS and COUNTY are liable for indiscriminates and unlawful acts and inuries caused by ARAMARK to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays fthat this Court:

(a) Enter a judgment that defendants, by their action or inactions, violated plaintiff's right under state law [Civil Rights Law 40-c; N.Y. Const. Art. 1 §3; 9 NYCRR 7009.4; 7024.6] and violated plaintiff's rights under the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC §1983; 42 USC §1985 and violated plaintiff's rights under state law; and,

(b) Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of Five Million ($5,000,000.00) Dollars; and,

 (c) Enter a judgment jointly and severally against defendants for punitive damages in the amount of Five Million ($5,000,000.00) Dollarss; and

 (d) Enter an Order:

 (i) Awarding plaintiff reasonable attorney's fees and litigation expenses pursuant to 42 USC § 1988;

 (ii) Granting such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

 Plaintiff hereby demands a trial by jury.

### VERIFICATION

 I, RONALD M. ACKRIDGE, am the plaintiff/claimant of the action herein.

 That I have authored and read the foregoing complaint and knows the contents thereof. That the same is true to my knowledge, except as to matters therein alleged to be upon information and belief; and as to those matters I belief them to be true.

          _____
          Ronald M. Ackridge
          Claimant/Plaintiff

Sworn to before on
this 28 day of July 2016

_____
Notary Public

Kaseithia M. Hewitt
Notary Public
State Of New York, Westchester County
01HE6332259
Commission Expires 10-26-2019

Exhibit "A"

**ACKERIDGE, RONALD**
Hair: SALT & PEPP  Height: 5'9"
Eyes: BROWN  Weight: 190lbs
Religion: JEWISH  DOB: 02/08/1956
INMATE P- 0000013581
Issued: *0000013581*
02/04/2016  0000013581

*Given to Sgt Omess on 2/22/16*

Exhibit "D"

**New York State Commission of Correction**
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

Facility: __Westchester County Jail__    Housing Location: __2NW #28__

Name of Inmate: __Ronald Ackridge #13581__    Grievance #: _____

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)*
Number of Sheets Attached ( )

Failure to give written decision within 5 business days after filing grievance. On 2/15/16 while on A-Block (Pen) I filed a grievance w/ the 3p-11pm Sgt. stating that I was not getting my religious (Kosher) diet meals. Notwithstanding, upon entry on 2/4/16, I filled out a religious (Kosher) diet form.

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
Number of Additional Sheets Attached ( )

① That I be given written decision pursuant to grievance filed on 2/15/16.
② That I be given my religious (Kosher) diet meals without further delay. As a result of not eating (non-kosher food) I have loss unwanted weight and feel weak and tired.

Grievant Signature: __Ronald Ackridge__    Date/Time Submitted: __2/22/16__

Receiving Staff Signature: _____    Date/Time Received: _____

Investigation Completed by: _____    Date Completed: _____

**Decision of the Grievance Coordinator**    Number of Sheets Attached ( )
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

Signature of the Grievance Coordinator: _____    Date: _____



Department of Correction Valhalla, New York

# Memorandum

*Exhibit "E"*

**Date:** February 29, 2016

**To:** Inmate Ronald Ackridge, JID # 13581

**From:** Capt. Roberts

**Re:** Grievance J-67-16

---

You filed a grievance on February 22, 2016 in regards to not having received your Kosher meal. Your action requested was quote "That I receive my religious kosher diet Meals without any further delay." On February 23, 2016 Sgt. Orness contacted Father Paul Tolve and had it approved for you to receive a kosher meal which was delivered later that day and continues to be delivered on a daily basis. Per the New York State Commission of Correction any grievance accepted and complaint rectified cannot be appealed. Therefore this grievance matter is completed.

*Exhibit "E"*

Exhibit "F"

**New York State Commission of Correction**
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

Facility: West County Jail    Housing Location: 2NW #28

Name of Inmate: Ronald Ackridge    Grievance #: _____

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)*
Number of Sheets Attached ( )

On 2/4/16, upon entry, my religious is stated as Jewish; On 2/4/16 while in Booking room area I filled out a Religious diet request form for kosher Meals. Since 2/4/16 I have filled 3 religious diet request forms. Notwithstanding I have not as of yet received my religious kosher diet Meals.

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
Number of Additional Sheets Attached ( )

That I receive my religious kosher diet Meals without any further delay

Grievant Signature: Ronald Ackridge    Date/Time Submitted: 2/22/16

Receiving Staff Signature: _____    Date/Time Received: _____

Investigation Completed by: _____    Date Completed: _____

**Decision of the Grievance Coordinator**    Number of Sheets Attached ( )
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

Signature of the Grievance Coordinator: _____    Date: _____

To: Father Paul, Tolve.
From: Ron Ackridge, #13581    2NW #28 N/J
Date: 3/6/16

Dear Father Paul,

I was indirectly informed, on 2/29/16, by Captain Roberts to write to you concerning Jewish Services and religious diet (Kosher) meals.

I've been in WCDOCS since 2/4/16 and not been advised of any Jewish Services. I've written to Rabbi Horowitz of and for WCDOCS; about attending Jewish Services; But I've heard any response from him. Wherefore, I am requesting information as to when and how I can attend Jewish Services.

Also on 2/4/16 upon entry into WCDOCS I professed to be Jewish; And at the same time I filled out a request for religious (Kosher) diet, under 7009.4 and 7024.6 title 9 of minimum standards. Notwithstanding, I did not receive my religious (Kosher) diet meals until dinner time on 2/23/16. This only after I filed 2 grievances complaining that I was not receiving as required by section 7009.4 & 7024.6 of minimum standard.

At this time I respectfully ask why I was not given my religious (Kosher) diet meals subsequent to 18 days after my entry as Jewish and my request on 2/4/16 for such religious (Kosher) dietary meals. A prompt response is respectfully requested

Thank You
Ron Ackridge

cc: Filed

Ronald Ackridge I.D. #13581
West. Co. Jail
P.O. Box 10
Valhalla, N.Y.
10595

RECEIVED
SDNY PRO SE OFFICE
2016 AUG -8 AM 11:52
S.D. OF N.Y.



USM P3
SDNY

United States District Court
Southern District of New York
500 Pearl Street Room 230
New York City, N.Y. 10007
Attn: Pro-Se Office

Urgent Legal Mail